ALBERT A. SAMMIS *et al. vs.* FREDERICK E. SAMMIS *et al.*

PROVIDENCE—JANUARY 17, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Wills. Dower. Partition. Remainders.*

*Sammis* v. *Sammis*, 14 R. I. 123, decided that one quarter of the real estate of testator was not devised in fee by his will, and the income thereof

was given to trustees to pay the same to the widow during life. It subsequently became necessary to sell the estate in a suit for partition, and one quarter of the proceeds was held subject to the trust for the widow. Upon the death of latter, the question arose as to the persons entitled to the fund :—

*Held,* that the remainder was intestate property, the title to which vested in the heirs of testator upon his death.

By Pub. Stat. cap. 230, § 18, the proceeds of sale represented the respective interests of the heirs in the estate, excluding the widow of testator, whose claim for dower was barred by the gift of the entire income :—

*Held,* further, that the widow of an heir whose husband died while the estate was held in trust was not entitled to dower, under the rule in *Gardner* v. *Greene,* 5 R. I. 104, in the share of the husband, his interest being in remainder.

PETITION for an opinion.

STINESS, C. J. In *Sammis* v. *Sammis,* 14 R. I. 123, it was decided that one quarter part of the real estate of Edson A. Sammis was not devised in fee by his will. The income of that quarter was given to trustees to pay the same to his widow during her life, but no disposition was made of it after her decease.

During the life of the widow it became necessary to sell the estate in a suit for partition, and one quarter of the proceeds of sale was held subject to the trust for her. She having died, this petition of all parties claiming a share of the quarter is filed, asking the opinion of the court as to the persons entitled to receive it.

(1) It is clear that the remainder in the quarter part in question was intestate property. The title to it, therefore, vested in the heirs of Edson A. Sammis on his death. The heirs are the living sons of Edson A. Sammis and the children of the deceased son.

Gen. Laws cap. 265, § 18, the same as Pub. Stat. cap. 230, § 18, and Gen. Stat. cap. 219, § 18, provides that the proceeds of sale shall be divided between the parties entitled thereto, "in lieu of their interest in the estate ordered or decreed to be sold." These parties would have been the heirs at law of the deceased, and also would have included the widow, as to dower, had she not been given the income by

the will. A gift of the entire income excludes a claim for dower.

As to the claim of Cora E. Medbury for dower in the share of George E. Medbury, a different question arises. Her husband died while the estate was held in trust for the widow of Edson A. Sammis. He had a vested interest in the remainder, dependent upon the death of the life tenant. Under such circumstances it has been held in this State that dower does not attach. In *Gardner* v. *Greene*, 5 R. I. 104, Ames, C. J., said : "It is not pretended in this case, and indeed cannot be, that a widow is dowable out of lands in which her husband had at no period during the coverture any other estate than a reversion or remainder in fee, expectant upon the determination of an estate for life, or, what is the same thing for this purpose, expectant upon the determination of an estate during widowhood." See also *Kenyon* v. *Kenyon*, 17 R. I. 539.

Consequently Cora E. Medbury is not entitled to dower, nor is the administrator of Martha G. Sammis entitled to any share of the proceeds of the estate sold.

Our opinion is that the fund should be divided between the heirs, as stated above, according to their respective interests.